# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1817
_____

Westridge Place Apartments LP

*Plaintiff - Appellee*

v.

Veronica Delph

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: November 20, 2018
Filed: December 3, 2018
[Unpublished]

_____

Before KELLY, GRASZ, and STRAS, Circuit Judges.

_____

PER CURIAM.

Veronica Delph appeals after the district court[1] remanded to state court an unlawful-detainer action she attempted to remove to federal court under 28 U.S.C.

_____

[1]The Honorable Kristine G. Baker, United States District Judge for the Eastern District of Arkansas.

§§ 1441 and 1443. We have jurisdiction only to the extent the removal was based on § 1443. See 28 U.S.C. § 1447(d). Exercising that limited authority, we conclude that the district court's remand was proper because Delph failed to show sufficient grounds to support her invocation of § 1443. In order to remove under § 1443(1), the party must show reliance on a law providing for equal civil rights stated in terms of racial equality. Neal v. Wilson, 112 F.3d 351, 355 (8th Cir. 1997). "Removal is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts." Georgia v. Rachel, 384 U.S. 780, 800 (1966). Delph has failed to make that showing here, as she has not plausibly alleged an inability to enforce a federal right in state court. She is likewise unable to satisfy the requirements of § 1443(2) because she is not a federal officer or agent. See City of Greenwood v. Peacock, 384 U.S. 808, 824 (1966) (section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights"); Bauer v. Transitional Sch. Dist. of St. Louis, 255 F.3d 478, 481 (8th Cir. 2001) (federal civil rights statutes do not "deputize anyone seeking to exercise a right thereunder" for removal purposes). Accordingly, we affirm. See 8th Cir. R. 47B.

_____